UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EVA DOUCETTE, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>    Defendant | Civil No. 07-178-P-S |

*RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES*

The plaintiff applies for an award of attorney fees pursuant to the Social Security Act, specifically 42 U.S.C. § 406(b), after securing an award of past-due benefits before the commissioner following remand of the instant Social Security Disability ("SSD" or "Title II") case by this court. *See* Motion for Award of § 406(b) Fees ("Motion") (Docket No. 17). I recommend that the Motion be granted, with the proviso that the plaintiff's counsel pay to his client a sum equal to a prior award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**I. Factual and Procedural Background**

On September 11, 2007, the plaintiff executed a contingent fee agreement with the law firm of Jackson & MacNichol in connection with her appeal to this court of the commissioner's adverse decision. *See* Contingent Fee Agreement for Representation Before the Court With the Law Firm of Jackson & MacNichol ("Fee Agreement"), Exh. 1 to Motion. The Fee Agreement provided, in relevant part: "Client agrees to pay a fee equal to twenty five percent (25%) of the

1

total amount of any past-due benefits awarded to Client, to include any dependents benefits, subject to the approval of said fee by the court." *Id.* ¶ 3(A).

On May 28, 2008, following the plaintiff's filing of a statement of errors, the commissioner filed an unopposed motion to vacate the decision of which the plaintiff complained and remand the case for further action. *See* Defendant's Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. §405(g) With Reversal and Remand of the Cause to the Defendant (Docket No. 10). The motion was granted the same day. *See* Order (Docket No. 11).

On June 26, 2008, the plaintiff filed a motion for attorney fees pursuant to the EAJA. *See* EAJA Application for Fees and Expenses (Docket No. 13). On July 1, 2008, the defendant filed a consent motion for entry of an order accepting the parties' settlement agreement that EAJA fees should be awarded in the amount of $3,266.25. *See* Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement (Docket No. 14); Settlement Agreement, attached thereto. That motion was granted on July 15, 2008. *See* Order (Docket No. 15).

The plaintiff prevailed on remand and was awarded $53,803.00 in past-due benefits. *See* Motion at 1; Notice of Award, Exh. 3 to Motion, at 2. The commissioner approved an award of $5,300.00 to the plaintiff's counsel pursuant to 42 U.S.C. § 406(a) for his work on her behalf at the administrative level. *See* Motion at 1, 4.[1] The plaintiff now seeks an award pursuant to section 406(b) of $8,150.00, which, combined with the previously awarded sum of $5,300.00, equals approximately 25 percent of the past-due benefits award of $53,803.00.

The plaintiff's counsel's itemized statement of work performed in this court indicates that Jackson & MacNichol expended 22.5 hours of attorney time, billed at $167.50 per hour, to

---

[1] The plaintiff neglected to submit an exhibit verifying that her counsel was awarded this amount. However, the commissioner does not contest it. *See* Defendant's Response to Plaintiff's Motion for Award of § 406(b) Fees ("Response") (Docket No. 18) at 1 n.1.

2

obtain the remand order that eventually led to the plaintiff prevailing in further proceedings before the commissioner. *See* Exh. 2 to Motion. The invoiced fee for attorney time thus totaled $3,768.75. *See id.*

## II. Discussion

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The court has authority to award court-related fees pursuant to section 406(b), even though the benefits award itself was made by the commissioner on remand. *See, e.g., Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (overruling "single tribunal rule" of *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), pursuant to which only the tribunal that ultimately upheld a claim for benefits could approve and certify payment of section 406 attorney fees; joining majority of circuits – including First Circuit – in ruling, *inter alia*, that "in cases where the court remands the case back to the [commissioner] for further proceedings, the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the [commissioner] will award whatever fee the [commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.").

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b). However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant. *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by

3

the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

The commissioner has interposed no objection to the plaintiff's request for attorney fees pursuant to section 406(b) provided that the plaintiff's counsel refunds to his client the $3,266.25 in EAJA fees previously awarded by the court. *See* Response at 2. However, because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *See, e.g., Gisbrecht*, 535 U.S. at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

As one might expect, the outer boundaries of a test of "reasonableness" are difficult to plot. However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case

(thereby resulting in a windfall). *See id*. at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (*cited with favor in Gisbrecht*, 535 U.S. at 808).

The plaintiff calculates her fee request of $8,150.00 as working out to an hourly rate of $690.00 for the 22.5 hours expended on this matter in this court. *See* Motion at 6. If that were the case, the requested fee award might implicate windfall concerns. *See, e.g., Ogle v. Barnhart*, No. 99-314-P-H, 2003 WL 22956419, at *6 (D. Me. Dec. 12, 2003) (rec. dec., *aff'd* Jan. 21, 2004) ("[A]s a rule of thumb, a multiplier of two times a practitioner's usual and customary hourly rate provides adequate recompense for the taking of contingent fee risk without raising windfall concerns."). However, the plaintiff's arithmetic is wrong. By my calculations, the hourly rate based on the requested fee is $362.26 (25% of $53,803.00 - $5,300.00 ÷ 22.5).[2]

The requested fee award is reasonable in the circumstances. The grant of the Motion would provide the plaintiff's counsel with approximately twice the invoiced fee of $167.50 per hour, an amount consistent with fees awarded pursuant to section 406(b) in *Ogle* and *Quint*. *See Ogle*, 2003 WL 22956419, at *2, *5-*6; *Quint*, 2008 WL 4905482, at *3.

### III. Conclusion

For the foregoing reasons, I recommend that the Motion be **GRANTED**, resulting in an attorney fee award pursuant to 42 U.S.C. § 406(b) of $8,150.00, with the proviso that the plaintiff's counsel be directed to refund to his client the sum of $3,266.25 previously awarded in EAJA fees.

---

[2] The plaintiff's counsel has made this same calculation error before, erroneously using the same $690 figure that he previously erroneously applied in an unrelated case. *See Quint v. Astrue*, Civil No. 05-135-B-W, 2008 WL 4905482, at *3 (D. Me. Nov. 12, 2008) (rec. dec., *aff'd* Dec. 4, 2008).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.   A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of August, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge